NOTE: CHANGES MADE BY THE COURT

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dominic Surprenant (Cal. Bar No. 165861)
 dominicsurprenant@quinnemanuel.com
Paul Slattery (Cal. Bar No. 285291)
 paulslattery@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant ADT LLC, d/b/a
ADT Security Services

BURSOR & FISHER, P.A.
L. Timothy Fisher (State Bar No. 191626)
 ltfisher@bursor.com
Sarah N. Westcot (State Bar No. 264916)
 swestcot@bursor.com
Annick M. Persinger (State Bar No. 272996)
 apersinger@bursor.com
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

Attorneys for Plaintiffs John Adamson, Michal
Clark, John Llewellyn, Andrea Stanley and Jackie Warncke

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ADAMSON, MICHAL CLARK, JOHN LLEWELYN, ANDREA STANLEY and JACKIE WARNCKE On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADT LLC, d/b/a/ ADT Security Services,<br><br>Defendant. | CV12-10558DMG (PLA)<br><br>**[PROPOSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**<br><br>Courtroom 7<br>Judge: Hon. Dolly M. Gee |

THE COURT, having considered the parties' JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER, and GOOD CAUSE appearing therefor;

HEREBY ORDERS THAT:

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  This Protective Order is being entered to facilitate the production, exchange and discovery of materials that contain such information.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>GOOD CAUSE STATEMENT</u>

Good cause exists for the entry of this protective order because of the harm and prejudice that will likely result to the parties from the exchange of the information described herein absent this order.  This litigation is likely to involve the exchange of trade secrets, sensitive commercial information, and other confidential information described in Section 3.2 and throughout this order.  Defendant has represented that disclosure of such information absent this order is likely to cause competitive, financial, and other harm to Defendant.  Additionally, this litigation is likely to involve the exchange of sensitive financial, personal, and home security information regarding Defendant's customers, described in Section 3.2 and throughout this order.  The parties have represented that disclosure of such

information absent this order is likely to cause harm to the privacy and security of Plaintiffs, absent class members, and other of Defendant's customers.

3. <u>DEFINITIONS</u>

3.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to, where appropriate, financial data and summaries; customer data and lists; market surveys; business memoranda, plans, spreadsheets, agreements, and communications; consultants' memoranda, plans, spreadsheets, agreements, and communications; and correspondence, agreements, invoices and related documents bearing information about individual customers.  It shall include such material that incorporates trade secrets under California Civil Code § 3426.1.

3.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

3.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

3.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of an opposing Party, (3) at the time of retention, is not anticipated to become an employee of an opposing Party, and (4) is not an employee of, or a

contractor or consultant for, any company that is currently providing or regularly within the past 12 months has provided (i) investors and/or prospective investors in an opposing Party or an opposing Party's competitor with research, market, or valuation opinions on an opposing Party or an opposing Party's competitor and/or (ii) investor relations services to or for the home security services industry.  As with the other provisions of this order, any Party may seek to modify this definition during the course of the litigation, as contemplated in Section 13.1 of this order.

   3.7 <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to a Party's business, competitive, financial, privacy, or safety interests that could not be avoided by less restrictive means.  It shall include but not be limited to the forms of information listed in Section 3.2.

   3.8 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

   3.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

   3.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

   3.11 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

   3.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL."

3.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

5.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be

deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. <u>DESIGNATING PROTECTED MATERIAL</u>

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may

1  invoke on the record (before the deposition, hearing, or other proceeding is
2  concluded) a right to have up to 21 days to identify the specific portions of the
3  testimony as to which protection is sought and to specify the level of protection
4  being asserted.  Only those portions of the testimony that are appropriately
5  designated for protection within the 21 days shall be covered by the provisions of
6  this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at
7  the deposition or up to 21 days afterwards if that period is properly invoked, that the
8  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY
9  CONFIDENTIAL."

10          Parties shall give the other parties notice if they reasonably expect a
11  deposition, hearing or other proceeding to include Protected Material so that the
12  other parties can ensure that only authorized individuals who have signed the
13  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those
14  proceedings.  The use of a document as an exhibit at a deposition shall not in any
15  way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

16          Transcripts containing Protected Material shall have an obvious legend on the
17  title page that the transcript contains Protected Material, and the title page shall be
18  followed by a list of all pages (including line numbers as appropriate) that have been
19  designated as Protected Material and the level of protection being asserted by the
20  Designating Party.  The Designating Party shall inform the court reporter of these
21  requirements.  Any transcript that is prepared before the expiration of a 21-day
22  period for designation shall be treated during that period as if it had been designated
23  "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed.  After the
24  expiration of that period, the transcript shall be treated only as actually designated.

25          (c)     <u>for information produced in some form other than documentary and
26  for any other tangible items</u>, that the Producing Party affix in a prominent place on
27  the exterior of the container or containers in which the information or item is stored
28  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".  If only a portion

or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

  6.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

  7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  7.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time **within the District Judge's discovery period**.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  7.2 <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order and must comply with the requirements of Civil Local Rule 37.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring in accordance with Civil Local Rule 37.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in

designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Parties shall prepare and file (in compliance with Civil Local Rule 79-5, if applicable) a joint stipulation as required by Civil Local Rule 37.  In accordance with Civil Local Rule 37, the Challenging Party shall deliver its portion of the stipulation and supporting documents to the Designating Party following the conference of counsel and, unless otherwise agreed between the Parties, within seven days of the Parties agreeing that the meet and confer process will not resolve their dispute.  In accordance with Civil Local Rule 37, unless otherwise agreed, the Designating Party shall deliver its portion of the stipulation and supporting papers to the Challenging Party within seven days of receipt of the Challenging Party's materials.  The Challenging Party may initiate the process of challenging confidentiality designations at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

Unless the Designating Party has agreed to waive the confidentiality designation in writing, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

8.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)   the plaintiffs and proposed class representatives in this action and the current and former officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this

1  litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
2  (Exhibit A);

3  (f) during their depositions, witnesses in the action to whom disclosure
4  is reasonably necessary and who have signed the "Acknowledgment and Agreement
5  to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or
6  ordered by the court.  Pages of transcribed deposition testimony or exhibits to
7  depositions that reveal Protected Material must be separately bound by the court
8  reporter and may not be disclosed to anyone except as permitted under this
9  Stipulated Protective Order; and

10  (g) the author or recipient of a document containing the information or
11  a custodian or other person who otherwise possessed or knew the information.

12  8.3 Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.
13  Unless otherwise ordered by the court or permitted in writing by the Designating
14  Party, a Receiving Party may disclose any information or item designated
15  "HIGHLY CONFIDENTIAL" only to:

16  (a) the Receiving Party's Counsel, as well as employees or support staff
17  of Counsel to whom it is reasonably necessary to disclose the information for this
18  litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
19  that is attached hereto as Exhibit A;

20  (b) Experts of the Receiving Party (1) to whom disclosure is reasonably
21  necessary for this litigation, and (2) who have signed the "Acknowledgment and
22  Agreement to Be Bound" (Exhibit A);

23  (c) the court and its personnel;

24  (d) court reporters and their staff, professional jury or trial consultants,
25  and Professional Vendors to whom disclosure is reasonably necessary for this
26  litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
27  (Exhibit A); and

28

  (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

### 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

  (a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

  (a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a)

notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated order submitted to the court.

13. <u>MISCELLANEOUS</u>

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any

ground to use in evidence of any of the material covered by this Protective Order. Finally, by stipulating to the entry of this Protective Order, no Party waives any right to challenge the designation, level of designation, and/or basis for designation of any particular Disclosure or Discovery Material as Protected Material.

13.3   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material without either (a) redacting all Protected Material before filing or (b) filing the Protected Material under seal.  A Party that seeks to file under seal any Protected Material must comply with the Federal Rules of Civil Procedure and Civil Local Rule 79-5.  In accordance with Local Rule 79-5, if any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information (if such portion is segregable) under seal; and that application shall be directed to the judge to whom the papers are directed **and must show good cause**. For motions, the Parties shall also file a redacted version of the motion and supporting papers.

13.4   <u>Agreement to be Bound</u>.  The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order.

13.5   <u>Exhibit A</u>: Executed copies of Exhibit A to this Protective Order shall be retained by the Receiving Party throughout this action and for 60 days after final disposition of this action, as defined in Section 5.  Executed copies of Exhibit A need not be disclosed to the Producing Party except by order of this Court or agreement of the Parties.

14.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material"

includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

DATED:  November 18, 2013

_____
Hon.  Paul L. Abrams
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of Emily Hogan et al v. ADT LLC, 2:12-cv-10558-DMG-PLA.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]